HON. DAVID R. SIEGEL Village Attorney, Sea Cliff
We acknowledge receipt of your letter requesting our opinion whether in your village absentee registration for village elections is authorized. You state that the village has determined under the authority of Election Law, § 516, subdivision 5 (or its predecessor provision in the former Village Law) that personal registration shall be required for village elections. You further inquire whether, in the event our opinion is in the negative, and your village takes the proper steps to determine that personal registration no longer shall be required for village elections, absentee registration for your village elections would then be authorized. You enclosed with your request a letter from the State Board of Elections stating that absentee registration for village elections is not permitted. The letter was dated May 8, 1975.
Election Law, § 516, applies to registration of voters for village elections. Nonpersonal registration procedures are set forth in subdivision 6, paragraph a; paragraph b describes the procedure to be followed in villages which have determined that personal registration for village elections is required. The first step under each registration system is for the inspectors of election to "adopt, use or copy from, to the extent applicable, the registration lists certified and supplied by the county board of elections the names appearing thereon of all persons residing in the village and qualified to vote at such forthcoming general village election." In nonpersonal registration villages (par. a) the second step is for the inspectors of election to add to the list "the names of all persons known to them who then are or who will at the time of such election be qualified to vote thereat. On registration day such register shall be completed by adding thereto the names of all persons known or proven to their satisfaction to be then or at the time of such election qualified to vote." In personal registration villages (par. b) the second step is for the list to be completed by the inspectors of election upon personal appearance before and application to them of residents who qualify to vote but who have not gone through the process of obtaining permanent registration from their current village address or whose permanent registration has expired through failure to vote in the last two successive general elections.
In our opinion, in nonpersonal registration villages, absentee registration of voters is authorized. The only requirement is that the inspectors of election be satisfied that the named person, on the date of the village election, will be entitled to vote in the election; in other words, that the person possesses the qualifications to register and vote.
In our opinion, in personal registration villages, absentee registration is not directly authorized but is available indirectly under the provisions of Election Law, § 153, as enacted by Chapter 166 of the Laws of 1975, which was passed subsequent to your receipt of the letter from the State Board of Elections. Under that statute a person who is properly qualified may apply by mail to the county board of elections and be placed on the list of permanently registered voters. As a result the name would be on the list of registered voters obtained as described above as the first step in preparing the village registration list.
In connection with Election Law, § 153, please note that the absentee registration and enrollment have been declared unconstitutional in a proceeding brought in Erie County, entitledIn the Matter of the Application of Donald J. Siwek, Petitioner
v. Edward J. Mahoney and Arthur J. Carlsen as Commissioners ofElection in the County of Erie, Respondents, and the New YorkState Board of Elections, Intervening Respondent. The decision was handed down on February 11, 1976, and is now on appeal to the Court of Appeals.